Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered September 9, 2011, denying the petition to vacate two arbitration awards, denying petitioners’ motions to renew a prior petition, to disqualify respondent’s counsel, and to stay the proceeding, and dismissing the proceeding, unanimously affirmed, without costs.
Petitioners failed to show that the petition was served on a person authorized to receive service of process pursuant to CPLR 311 (a) (1). The provision of the parties’ franchise agreements on which petitioners rely concerns only service of a notice required by the agreements, not service of process required by the CPLR. Moreover, commencement of the proceeding was untimely, since the purported service occurred more than 90 days after the awards were received (see Werner Enters. Co. v New York City Law Dept., 281 AD2d 253 [2001], lv denied 97 NY2d 601 [2001]).
In any event, the petition fails to present a basis for vacating the arbitration awards. The omission of a reference to a tax withholding requirement from one of the awards does not create an explicit conflict with any law or public policy requiring tax withholding (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 327 [1999]).
We have reviewed petitioners’ remaining contentions and find them without merit. Concur — Gonzalez, P.J., Friedman, Renwick, Manzanet-Daniels and Roman, JJ. [Prior Case History: 2011 NY Slip Op 32327(11).]